**XIU RONG QUAN, Guo Long Zhang, Petitioners,**

v.

**Michael B. MUKASEY, Attorney Gerneral, Respondent.**

No. 08–0382–ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Peter D. Lobel, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

Present: SONIA SOTOMAYOR, ROBERT A. KATZMANN and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiu Rong Quan and Guo Long Zhang, husband and wife and natives and citizens of China, seek review of a December 26, 2007 order of the BIA, affirming the January 19, 2006 decision of Immigration Judge ("IJ") Sandy Hom, which pretermitted Zhang's application for asylum, denied Quan's application for asylum, and denied petitioners' applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Quan, et al.,* Nos. A200 032 131/A097 979 432 (B.I.A. Dec. 26, 2007), *aff'g* Nos. A200 032 131/ A097 979 432 (Immig. Ct. N.Y. City Jan. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA's opinion fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determina-

tions, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We find no error in the agency's denial of Quan's application for asylum based on its adverse credibility finding.[1] The agency reasonably relied on: (1) inconsistencies between Zhang's asylum application and both petitioners' testimony regarding an altercation with family planning officials; (2) the vagueness of their testimony responding to questions regarding such issues as where their children were born; (3) inconsistencies in petitioners' accounts of how they received the notice of sterilization, whether orally or in writing; and (4) the IJ's finding that they had testified as if they memorized their written applications. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008) (per curiam). As such, we will not disturb the agency's denial of Quan's application for asylum and withholding of removal where both claims were based on the same factual predicate. *See also Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Even assuming that the agency's adverse credibility determination did not undermine Zhang's application for withholding of removal, the denial of Zhang's application for withholding of removal was not in error as his claim rests solely on the forced sterilization of his wife. *See In re J–S,* 24 I & N Dec. 520 (B.I.A. May 15, 2008) (determining that a petitioner is ineligible for withholding of removal to the extent that a claim of perse-

---

1. Petitioners do not challenge the agency's pretermission of Zhang's untimely asylum application. We further note that the amendments made to the Immigration and Nationality Act by the REAL ID Act apply only to Quan's application, and not to Zhang's. *See Matter of S–B–,* 24 I. & N. Dec. 42, 45 (BIA 2006) (the REAL ID Act's changes to the immigration laws apply to asylum applications initially filed on or after May 11, 2005).

cution is based only on the asserted forced sterilization of an alleged spouse). Because Zhang cannot predicate his claim for asylum entirely on the sterilization of his wife, the agency's denial of withholding of removal was proper. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007) (en banc)

Finally, petitioners have waived any challenge to the agency's denial of their application for relief under the CAT by failing to raise it in their brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.